Jambs J. Cbisoxa, J.
This is a motion by the plaintiffs to substitute their attorney and fix the amount of his lien. The sole ground for this motion is that the plaintiffs are not satisfied with the settlement obtained by their attorney of record and that he had marked the case “ settled ” at a pretrial conference without their consent.
It is uncontradicted that this action was diligently prosecuted and that it has been on the Trial Calendar of this court since November, 1958. A final offer of $6,500 in settlement was made in August, 1958. After writing to the plaintiffs of this offer their attorney was informed that the plaintiff Helen F. Connelly, the widow of the decedent, had also died. Said attorney thereupon obtained a copy of letters of administration issued to her sister in Hudson County, New Jersey, and notice of her death was given to the defendant. The action was continued in the name of the surviving administrator, the son of the deceased.
At a pretrial hearing in October, 1959, before one of the Justices of this court, it was for the first time claimed that the settlement obtained by the attorney was inadequate; that this claim was made by the personal attorney for the son of the deceased, but the Justice approved the settlement as adequate in the presence of said attorney and advised that, if he really believed that the settlement was inadequate, his motion for a substitution of attorneys should be made immediately. Nothing, however, was done until July, 1960 when a motion to dismiss the action for lack of prosecution was made. The Justice before whom that motion came on to be heard likewise stated that if the settlement was unsatisfactory a motion for' substitution should be made. Nothing further was done until this motion was made returnable on November 30, 1960.
Of course, a client is entitled to discharge his attorney for any reason or for no reason. (Matter of Dunn, 205 N. Y. 398, 402; Schwartz v. Tenenbaum, 6 A D 2d 810.) Since in this case the discharged attorney has performed all the services required in this action, and has been diligent in the prosecution thereof, and since the case was marked settled by the court presiding at the Pretrial Calendar and there is not the slightest basis for criticizing the efforts of said attorney, he is allowed a charging lien based upon the firm offer of settlement in the sum of $6,500, in *422 an amount based upon rule IV of the Appellate Division Rules regulating compensation in the First and Second Departments, in actions of this character, besides his disbursements in the sum of $237.80, listed in the opposing affidavit, the court having disallowed the $25 claim for investigation expenses. The amount allowed, including the disbursements, shall be a charging lien upon the action, but the disbursements in the sum of $237.80 as requested by the discharged attorney shall be paid at the time of the delivery of the papers in his possession.